IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN E. HARP, ) | |
| ) | |
| Plaintiff, ) | Civil No. 06-504-JO |
| ) | |
| v. ) | <u>OPINION AND ORDER</u> |
| ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

Gordon S. Gannicott
HOLLANDER LEBENBAUM & GANNICOTT
1500 S.W. First Avenue, Suite 700
Portland, OR 97201-5825

   Attorney for Plaintiff

Franco L. Becia
Joanne E. Dantonio
Michael McGaughran
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue
Suite 2900, MS/901
Seattle, WA 98104

Neil J. Evans

      UNITED STATES ATTORNEY'S OFFICE
      1000 S.W. Third Avenue, Suite 600
      Portland, OR  97204-2902

        Attorneys for Defendant

JONES, Judge:

Claimant John Harp seeks judicial review of a final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits ("DIB").  Defendant, in turn, has moved to remand this case for further administrative proceedings (# 10).

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a careful review of the record, the court concludes that the case must be remanded for further proceedings and therefore grants defendant's motion.

## ADMINISTRATIVE HISTORY

Claimant filed an application for DIB on May 22, 2003, alleging disability since October 22, 2002.  The application was denied initially and on reconsideration.   Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on April 20, 2005.  On May 5, 2005, the ALJ issued a decision denying claimant's application.  On September 19, 2005, the Appeals Council vacated the hearing decision and remanded the case for further proceedings. (Tr. 77.)  The ALJ held a second hearing on January 4, 2006.  On February 24, 2006, the ALJ issued a second decision denying claimant's application.  The ALJ's decision became the final decision of the Commissioner on April 3, 2006, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## DISCUSSION

The Commissioner "concedes judgment to [claimant]." Defendant's Memorandum in Support of Remand, p. 3. Specifically, the Commissioner acknowledges that for reasons not evident on the record, the ALJ's second decision, issued on February 24, 2006, is a duplicate of the first decision, issued on May 5, 2005. The Commissioner explains that this happened by mistake; plaintiff presents no argument or evidence to the contrary. Thus, this court is in the unusual position, in effect, of having no ALJ decision to review, as the Appeals Council vacated the very decision that is now before the court.

To remedy this mistake, defendant moves the court to remand this case for further administrative proceedings. Claimant, in turn, asks the court to remand for an immediate award of benefits. The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further

administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. Ultimately, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

I agree with the Commissioner that at this point, administrative proceedings are incomplete and there is no valid decision to review. This court is not in a position, as claimant suggests, to usurp the Commissioner's duty and make a determination on the merits in the first instance. Thus, I conclude that remand for an immediate award of benefits is not appropriate. Consequently, in the exercise of my discretion, I grant defendant's motion (# 10) and remand this action to the Commissioner to permit the ALJ to issue a proper decision that conforms to the Appeal Council's September 19, 2005, remand order.

## CONCLUSION

Defendant's motion to remand (# 10) is GRANTED. The decision of the Commissioner denying benefits is reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 1st day of March, 2007.

      /s/ Robert E. Jones
    ROBERT E. JONES
    U.S. District Judge